| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>In Re:<br>PHYLLIS A. HOLLIS,<br><br>       Debtor. | Case No: 07-22759<br><br>Judge: Kathryn C. Ferguson, U.S.B.J. |
| THOMAS J. ORR, Trustee and<br>PHYLLIS A. HOLLIS, individually, Debtor,<br><br>       Plaintiffs,<br><br>       v.<br><br>AMERIQUEST MORTGAGE COMPANY, et al.,<br><br>       Defendants | Adv. No. 07-02615 |

**MOTION FOR LEAVE TO APPEAL INTERLOCUTORY ORDER
DATED SEPTEMBER 17, 2009**

    Defendants Ameriquest Mortgage Company ("Ameriquest"), Deutsche Bank National Trust Company ("Deutsche"), AMC Mortgage Securities, Inc., and AMC Mortgage Services (collectively "AMC"), seek leave to appeal the interlocutory Order dated September 17, 2009 to the District Court, pursuant to and in accordance with 28 U.S.C. 158(a)(3):

> The District Courts of the United States shall have jurisdiction to hear appeals with leave of the Court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under Section 157 of this title.

This Motion is being filed pursuant to Federal Rules of Bankruptcy Procedure Rule 8001(b) which permits the filing of a motion to appeal an interlocutory judgment, order, or decree of a bankruptcy judge by leave of Court.

1

In accordance with Rule 8001(b) and 8003, a true and correct copy of the September 17, 2009 interlocutory Order and Opinion are attached hereto. Defendants rely upon the exhibits attached hereto and the attached Brief in support of this Motion.

I. **STATEMENT OF FACTS**

This matter relates to a mortgage loan Debtor/Plaintiff Phyllis A. Hollis obtained from Ameriquest on February 9, 2006. This loan was assigned to Deutsche, who instituted an action in mortgage foreclosure in the Superior Court of New Jersey, in May, 2007, based upon Hollis' failure to make mortgage payments under the loan. Hollis filed a Chapter 7 bankruptcy case on September 6, 2007, Case No. 07-22759, in an effort to stay the pending foreclosure action. On November 7, 2007, Debtor/Plaintiff Hollis and the Chapter 7 Trustee attempted to rescind the February 9, 2006 loan transaction. On November 19, 2007, Plaintiff Hollis and the Bankruptcy Trustee jointly instituted the instant adversary action.[1]

In the First Count of the Adversary Complaint, Plaintiffs attempt to rescind the 2006 mortgage and obtain statutory and actual damages under the auspices of the Federal Truth in Lending Act ("TILA"). In the Second, Third and Fourth Counts, Plaintiffs' attempt to rescind both the 2001 and 2006 loans and obtain monetary damages under the New Jersey Consumer Fraud Act and common law fraud.

Plaintiffs moved for summary judgment on its claims for damages and rescission under TILA. Defendants cross moved for summary judgment on all TILA claims on the grounds that said claims are time barred and further moved for summary judgment on all other counts of the

---

[1] The Adversary Complaint is attached hereto and marked as Exhibit "E".

Adversary Complaint asserting claims under state law on the grounds that said claims are preempted by TILA and the National Bank Act.

The Court entered an Order and Opinion dated September 17, 2009, granting partial summary judgment to Plaintiffs and denying Defendants' Motion for Summary Judgment in its entirety. It is this interlocutory order from which Defendants now seek leave to appeal to the District Court. The facts necessary to an understanding of the issues on appeal are as follows.

Plaintiff Hollis is a sophisticated, educated borrower who seeks to avoid two mortgage loans which she voluntarily obtained from Defendant Ameriquest.

Plaintiff has a high school diploma and a bachelor's degree in psychology. (Dep., p. 11). She worked for more than twelve years as a counselor for the New York Department of Corrections as a corrections counselor. (Dep., p.13)[2].

In 1999, Plaintiff purchased the property located at 38 Hilliard Road, Old Bridge, New Jersey 08857 ("the Mortgaged Premises"). (Dep., p.19). She thereafter obtained two mortgages on the property, which provided Plaintiff with over $44,000 in cash for home repairs. (Dep., p. 23). Plaintiff agreed to repay the mortgages at interest rates of 8% and 14%, respectively. (Dep., p.25).

On November 20, 2001, Plaintiff Hollis and her mother, Oliva Hollis, obtained a $207,000.00 mortgage loan from Defendant Ameriquest. Among the loan documents signed by Plaintiff and Olivia Hollis evidencing the 2001 mortgage loan were: an Adjustable Rate Note, Mortgage, Settlement Statement, Truth in Lending Disclosure Statement, Important Notice to

---

[2] Plaintiff Hollis' deposition transcript is attached hereto, incorporated herein and marked as Exhibit A.

Borrower(s), Interest Rate and Prepayment Penalty Notice, Understanding Your Loan notice, Borrower's Acknowledgment of Final Loan Terms and Notice of Right to Cancel.[3]

The 2001 loan documents clearly and conspicuously advised Plaintiff Hollis of the loan terms:

(1) the adjustable rate feature of the loan and the interest rate: Adjustable Rate Note (Exh. B1), Interest Rate and Prepayment Penalty Notice (Exh. B5), Borrower's Acknowledgement of Final Loan Terms (Exh. B7);

(2) the amount of the monthly mortgage payments: Adjustable Rate Note (Exh. B1), Interest Rate and Prepayment Penalty Notice (Exh. B5);

(3) the existence and amount of the prepayment penalty: Adjustable Rate Note (Exh. B1), Interest Rate and Prepayment Penalty Notice (Exh. B5);

(4) the loan amount: Adjustable Rate Note (Exh. B1) and Settlement Statement ( Exh. B2); and

(5) the right to rescind the mortgage loan: Notice of Right to Cancel (Exh. B8).

Plaintiff chose not to read the loan documents at signing or during the rescission period. (Dep., p. 35, 36). Further, Plaintiff expressly acknowledged that the final documents contained her loan terms and that she was not relying upon any oral representation in entering into 2001 mortgage loan transaction. (Exh. B4).

The 2001 loan proceeds were used to pay off Plaintiff's first and second mortgage loans as well as a $6,000 debt which Plaintiff owed to HFC. (Exh. B2). Plaintiff agreed to repay the 2001 loan by way of initial mortgage payments of $1,555.13. (Exh. B1). The 2001 loan contained an adjustable interest rate which provided for an initial interest rate of 8.25%. (Exh. B1).

---

[3] Relevant loan documents from Plaintiff Hollis's 2001 mortgage loan are attached collectively as Exhibit B , and marked respectively as Exhibit B1 (Adjustable Rate Note), Exhibit B2 (Settlement Statement), Exhibit B3 (TILA Disclosure Statement), Exhibit B4 (Important Notice to Borrowers), Exhibit B5 (Interest Rate and Prepayment Penalty Notice), Exhibit B6 (Understanding Your Loan notice), Exhibit B7 (Borrowers Acknowledgement of Final Loan Terms) and Exhibit B8 (Notice of Right to Cancel).

4

Plaintiff Hollis did not challenge, question or attempt to rescind the 2001 loan.

Although Plaintiff had her debts paid off by Ameriquest in 2001, by 2006 Plaintiff had incurred substantial new debt, including numerous credit cards and an automobile loan. As a result, Plaintiff contacted her then existing mortgage lender, Ameriquest, in order to refinance her mortgage and pay off her consumer debt.

On January 26, 2006, Plaintiff Hollis signed a number of loan documents to obtain a refinance mortgage loan from Ameriquest. After the January 26, 2006 loan closing, Plaintiff apparently reviewed the loan documents and determined that she did not agree with the Occupancy Agreement and the prepayment penalty provisions. As a result, Plaintiff exercised her right to cancel, as provided in the Notice of Right to Cancel which she received, and cancelled the January, 2006 mortgage loan within three business days of the loan closing.

Thereafter, Plaintiff Hollis and Ameriquest subsequently entered into negotiations about the loan terms. The negotiations culminated in a $234,000 mortgage loan offered by Ameriquest and accepted by Plaintiff on February 9, 2006. At the loan closing, Plaintiff was provided substantially the same loan documents which she had been provided (and had reviewed in detail) three weeks earlier in January, 2006 and in connection with the 2001 Loan, including, *inter alia*, a Mortgage, Adjustable Rate Note, Settlement Statement, Truth In Lending Disclosure Statement, Important Notice to Borrowers, Borrowers' Acknowledgement of Final Loan Terms, Understanding Your Loan notice, Notice of Right to Cancel and One Week Cancellation Period Notice.[4] The February, 2006 loan documents clearly and conspicuously advised Plaintiff Hollis of the loan terms:

---

[4] Relevant loan documents from Plaintiff Hollis's 2006 mortgage loan are attached collectively as Exhibit C, and marked respectively as Exhibit C1 (Mortgage), Exhibit C2 (Adjustable Rate Note), Exhibit C3 (Settlement Statement), Exhibit C4 (Truth In Lending Disclosure Statement), Exhibit C5 (Important Notice to Borrowers),

5

(1) the adjustable rate feature of the loan and the interest rate: Adjustable Rate Note (Exh. C2) and Borrower's Acknowledgement of Final Loan Terms (Exh. C7);

(2) the amount of the monthly mortgage payments: Adjustable Rate Note (Exh. C2);

(3) the loan amount: Adjustable Rate Note (Exh. C2) and Settlement Statement (C3); and

(4) the right to rescind the mortgage loan: Notice of Right to Cancel (Exh. C8) and One Week Notice (Exh. C9).

The February 9, 2006 loan paid off Plaintiff's 2001 Ameriquest mortgage in the amount of $205,763.36 as well as numerous credit cards and other creditors. (Exh. C3). Plaintiff Hollis agreed to make mortgage payments in the initial monthly amount of $1,555.13 each month for thirty years. (Exh. C2).

Plaintiff's 2006 mortgage loan was subsequently sold and assigned to Defendant Deutsche Bank National Trust Company, as trustee of AMC Mortgage Securities, Inc.[5] AMC Mortgage Services serviced the loan for a period of time.

Despite her obligations to make mortgage payments, Plaintiff Hollis stopped paying her mortgage in or around 2006. When faced with a mortgage foreclosure action, Plaintiff Hollis filed bankruptcy. The bankruptcy filing stayed the mortgage foreclosure action and resulted in the ultimate sale of the Mortgaged Premises by the Chapter 7 Trustee. As previously stated, the pending adversary action by Hollis and the Chapter 7 Trustee relates to their attempts to rescind the February 9, 2006 mortgage loan transaction and obtain substantial damages from the Defendants under TILA, the New Jersey Consumer Fraud Act and common law fraud theories.

## II.    QUESTIONS TO BE DETERMINED ON APPEAL AND RELIEF SOUGHT

---

Exhibit C6 (Understanding Your Loan notice), Exhibit C7 (Borrower's Acknowledgment of Final Loan Terms), Exhibit C8 (Notice of Right to Cancel) and Exhibit C9 (One Week Cancellation Period Notice).

[5] The Assignment of Mortgage is attached hereto, incorporated herein and marked as Exhibit "D".

1.Whether Plaintiffs' claims for monetary damages under TILA (15 U.S.C. 1640(a)(3)) are time barred given the one year statute of limitations tolled from the date the loan is made (15 U.S.C. 1640(e)). Defendants maintain that the Bankruptcy Judge erred in concluding that Plaintiff's TILA damage claims are timely given that the loan transaction closed on February 9, 2006 and Plaintiffs' claims were not asserted until the filing of the Adversary Complaint on November 17, 2007. Defendants seek leave to appeal this determination and for an order that Plaintiffs' TILA damage claims are time barred.

2.Whether the Bankruptcy Judge erred in finding that Plaintiffs' TILA damage claim was asserted timely under 15 U.S.C. 1640(e) as a claim for setoff and/or recoupment in a foreclosure action even though said claim was not asserted as a defense in the foreclosure action but rather was asserted as an affirmative claim in an adversary proceeding which adversary proceeding was instituted after the Debtor's voluntary bankruptcy filing (which resulted in a stay of the foreclosure action) and after the Chapter 13 Standing Trustee sold the Mortgaged Property (resulting in a dismissal of the foreclosure). Defendants seek leave to appeal this determination and for an order that Plaintiffs' TILA damage claims are time barred.

3.Whether Plaintiffs are entitled to an extended period of time to rescind the February 9, 2006 loan transaction beyond the statutory three day right of rescission pursuant to 15 U.S.C. 1635(f). Defendants seek leave to appeal the Bankruptcy Judge's conclusions that certain of the material TILA disclosures were inaccurate and the Court's further conclusions that said inaccuracies extend the time for rescission to three years from the date of the loan. Defendants seek an order that Plaintiffs are bound by the three day right of rescission such that their attempted rescission on November 17, 2007 is time barred.

4.Whether Plaintiffs are entitled to a refund of all settlement charges associated wit the loan ($13,176.30) and interest ($17,246.62) in connection with their untimely rescission. Defendants seek leave to appeal the Court's determination that rescission was timely and that these amounts must be paid to the Plaintiffs. Defendants seek an order that Plaintiffs' attempted rescission was untimely and therefore time barred and that no refund is due to Plaintiffs.

5.  Whether Plaintiffs state law claims for violations of the New Jersey Consumer Fraud Act and for common law fraud are preempted by TILA and the National Bank Act. Defendants maintain that the Bankruptcy Judge erred in her conclusions that said claims are not preempted. Defendants seek leave to appeal the Court's conclusion that Plaintiffs' asserted state law claims against Deutsche are not precluded by TILA's assignee liability provisions. Defendants further seek leave to appeal the Court's conclusion that Plaintiffs' state law claims against all of the Defendants are not preempted by TILA. Defendants seek an order that Plaintiffs' state law claims against Deutsche are barred by the assignee liability provisions under TILA and that TILA preempts all of Plaintiffs' state law claims against all of the Defendants. Defendants further seek leave to appeal the Court's conclusions of law that the National Bank Act does not preempt New Jersey fraud law. Defendants seek an order that Plaintiffs' state law claims against all Defendants are preempted by the National Bank Act.

### III.  STATEMENT OF REASONS WHY AN APPEAL SHOULD BE GRANTED

An immediate appeal from the interlocutory rulings of the Bankruptcy Judge as set forth in the Order and Opinion dated September 17, 2009, may materially advance the progress of this case. There exist substantial grounds for differences of opinion on whether Plaintiffs' claims under TILA are time barred and on the issues of federal preemption of Plaintiffs' state law claims. Immediate appeal will allow consideration of the legal questions raised prior to the expenditure of significant resources to proceed with discovery and ultimately trial on the issues of Plaintiffs' claims for greater TILA damages (in addition to those which have already been awarded by the Bankruptcy Judge) and Plaintiffs' state law claims for damages against all Defendants.

An appeal of the interlocutory Order and Opinion dated September 17, 2009 should be granted as the Court erred in its interpretation of TILA's limitations period and in its conclusions regarding preemption of Plaintiffs' state law claims as more fully set forth in the attached Memorandum and in Defendants' Motion for Partial Summary Judgment, which is attached hereto, incorporated herein and marked as Exhibit "G".

KAPLIN STEWART MELOFF REITER & STEIN, P.C.


/s/  Sandhya M. Feltes
Sandhya M. Feltes, Esquire
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
610-941-2561
610-684-2011 (fax)
Attorney for Defendants/Appellants, Ameriquest Mortgage Company, Deutsche Bank National Trust Company, AMC Mortgage Securities, Inc., AMC Mortgage Services