UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In Re:
PHYLLIS A. HOLLIS,

      Debtor.

Case No: 07-22759

Judge:  Kathryn C. Ferguson, U.S.B.J.

THOMAS J. ORR, Trustee and
PHYLLIS A. HOLLIS, individually, Debtor,

              Plaintiffs,

      v.

AMERIQUEST MORTGAGE COMPANY, et al.,

              Defendants

 Adv. No. 07-02615

## BRIEF IN SUPPORT OF MOTION FOR LEAVE TO APPEAL
## INTERLOCUTORY ORDER DATED SEPTEMBER 17, 2009

**I.**      **INTRODUCTION**

    Defendants Ameriquest Mortgage Company ("Ameriquest"), Deutsche Bank National Trust

Company ("Deutsche"), AMC Mortgage Securities, Inc., and AMC Mortgage Services (collectively

"AMC"), seek leave to appeal the interlocutory Order dated September 17, 2009 to the District Court,

pursuant to and in accordance with 28 U.S.C. 158(a)(3):

> The District Courts of the United States shall have jurisdiction to hear appeals with leave
> of the Court, from interlocutory orders and decrees, of bankruptcy judges entered in cases
> and proceedings referred to the bankruptcy judges under Section 157 of this title.

This Motion is being filed pursuant to Federal Rules of Bankruptcy Procedure Rule 8001(b) which

permits the filing of a motion to appeal an interlocutory judgment, order, or decree of a bankruptcy judge

by leave of Court.

1

In accordance with Federal Rules of Bankruptcy Procedure 8001(b) and 8003, a true and correct copy of the September 17, 2009 interlocutory Order and Opinion are attached to Defendants' Motion for Leave to Appeal.

A Notice of Appeal is being simultaneously filed with Defendants' Motion for Leave to Appeal pursuant to and in accordance with Federal Rules of Bankruptcy Procedure 8001(b).

## II.    STATEMENT OF FACTS

This matter relates to a mortgage loan Debtor/Plaintiff Phyllis A. Hollis obtained from Ameriquest on February 9, 2006.  This loan was assigned to Deutsche, who instituted an action in mortgage foreclosure in the Superior Court of New Jersey, in May, 2007, based upon Hollis' failure to make mortgage payments under the loan. Hollis filed a Chapter 7 bankruptcy case on September 6, 2007, Case No. 07-22759, in an effort to stay the pending foreclosure action.  On November 7, 2007, Debtor/Plaintiff Hollis and the Chapter 7 Trustee attempted to rescind the February 9, 2006 loan transaction.  On November 19, 2007, Plaintiff Hollis and the Bankruptcy Trustee jointly instituted the instant adversary action.[1]

In the First Count of the Adversary Complaint, Plaintiffs attempt to rescind the 2006 mortgage and obtain statutory and actual damages under the auspices of the Federal Truth in Lending Act ("TILA").  In the Second, Third and Fourth Counts, Plaintiffs' attempt to rescind both the 2001 and 2006 loans and obtain monetary damages under the New Jersey Consumer Fraud Act and common law fraud.

Plaintiffs moved for summary judgment on its claims for damages and rescission under TILA.  Defendants cross moved for summary judgment on all TILA claims on the grounds that

---

[1] The Adversary Complaint is attached hereto and marked as Exhibit "E".

said claims are time barred and further moved for summary judgment on all other counts of the Adversary Complaint asserting claims under state law on the grounds that said claims are preempted by TILA and the National Bank Act.

The Court entered an Order and Opinion dated September 17, 2009, granting partial summary judgment to Plaintiffs and denying Defendants' Motion for Summary Judgment in its entirety.  It is this interlocutory order from which Defendants now seek leave to appeal to the District Court.

Defendants further rely upon the Statement of Facts set forth in their Motion for Leave to Appeal  which provides the facts necessary for an understanding of the issues on appeal.

## III.    <u>LEGAL ARGUMENT</u>

### <u>POINT I</u>

### THE NOTICE OF APEAL AND MOTION FOR LEAVE TO APPEAL THE <u>INTERLOCUTORY ORDER DATED SEPTEMBER 17, 2009 ARE TIMELY FILED</u>

The Bankruptcy Court entered its Order on September 17, 2009.  This Motion and Notice of Appeal are being electronically filed with the Court on September 28, 2009.  Federal Rule of Bankruptcy Procedure 8002(a) states that the

> notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order or decree appealed from.

Federal Rule of Bankruptcy Procedure 9006 addresses the computation of time when the date by which an act must be done falls on a Saturday or Sunday.

> In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local        rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or when

3

the act to be done is the filing of a paper in court, on a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

Accordingly, the Notice of Appeal and Motion for Leave to Appeal are being timely filed.

## POINT II

## DEFENDANTS' MOTION SATISFIES THE CRITERIA OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 8003 FOR LEAVE TO APPEAL

Without addressing the substance of the Bankruptcy Court's decision here, the September 17, 2009 Order is an interlocutory Order which is subject to appeal pursuant to Federal Rule of Civil Procedure 8001(b).

An appeal from an interlocutory judgment, order, or decree of a bankruptcy judge as permitted by 28 U.S.C. 158(a)(3) shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule, accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008.

In accordance with Rule 8001(b), Defendants are simultaneously filing a Notice of Appeal.

Rule 8003 Leave to Appeal provides:

(a) A motion for leave to appeal under 28 U.S.C. 158(a) shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order or decree complained of and of any opinion or memorandum relating thereto.

Defendants' Motion for Leave to Appeal complies with these requirements.

1673248v.1

## POINT III

## DEFENDANTS SATISFY THE CRITERIA TO FILE AN INTERLOCUTORY APPEAL OF THE BANKRUPTCY COURT'S SEPTEMBER 17, 2009 ORDER AND OPINION

It is well settled that district courts have the discretion to grant or deny leave to appeal and interlocutory order of a bankruptcy judge. Century Gove, Inc. v. First American Bank, 860 F.2d 94, 97 (3d Cir. 1988). 28 U.S.C. 158(a) permits the district court to hear appeals of interlocutory orders and decrees of bankruptcy judges with leave of court, however, said statute sets forth no standard for determining when the district court should grant leave to hear an interlocutory appeal. District courts construing the provision have adopted the approach set forth in 28 U.S.C. 1292(b), which provides that standard by which the courts of appeals are to accept interlocutory appeals from the district courts. Thus, the general rule that applies is that interlocutory appeals are allowed when three requirements are satisfied:

1.      a controlling question of law is involved;

2.      the question is one where there is substantial ground for difference of opinion; and

3.      an immediate appeal would materially advance the ultimate termination of the litigation.

In re Bertoli v. D'Avella, 812 F.2d 136 (3d Cir. 1987); In re Ingram, Inc. v. Ameriquest Mortgage Company, et al., 2006 WL 902158.

The District Court should grant Defendants leave to file an interlocutory appeal of the September 17, 2009 Order as all three of the above criteria are satisfied.

The issues on appeal are set forth in Defendants' Motion and can be summarized as follows: whether Plaintiffs' TILA damage and rescission claims are time barred and whether

5

Plaintiffs' state law claims are preempted by TILA and the National Banking Act. These are controlling questions of law for which there are substantial grounds for difference of opinion as evidenced by the briefs filed by the parties in the underlying action and the Court's lengthy opinion.

An immediate appeal from the interlocutory rulings of the Bankruptcy Judge as set forth in the Order and Opinion dated September 17, 2009, will materially advance the ultimate termination of the litigation. In fact, if Defendants' appeal is decided favorably and it is determined that Plaintiffs' TILA claims are time barred and their state law claims are preempted, the Plaintiffs' adversary complaint will be dismissed. Immediate consideration of the legal questions raised will avoid the expenditure of significant resources to proceed with discovery and ultimately trial on the issues of Plaintiffs' claims for greater TILA damages (in addition to those which have already been awarded by the Bankruptcy Judge) and Plaintiffs' state law claims for damages against all Defendants.

## IV.    CONCLUSION

For all of the foregoing reasons, Defendants' Motion for Leave to Appeal the September 17, 2009 interlocutory Order should be granted.

KAPLIN STEWART MELOFF REITER & STEIN, P.C.

/s/  Sandhya M. Feltes
Sandhya M. Feltes, Esquire
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
610-941-2561
610-684-2011 (fax)
Attorney for Defendants/Appellants, Ameriquest Mortgage
Company, Deutsche Bank National Trust Company, AMC
Mortgage Securities, Inc., AMC Mortgage Services