UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>HOLLIS, PHYLLIS,<br><br>Debtor. | Bankruptcy Case No. 07-22759 (KCF) |
| THOMAS J. ORR, Trustee &<br>PHYLLIS A. HOLLIS, Individual Debtor,<br>Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE<br>COMPANY, et al.,<br><br>Defendants. | Adv. Pro No. 07-2615(KCF)<br><br><br>Return Date: October 19, 2009, 2 pm |

**BRIEF OF PLAINTIFFS, THOMAS J. ORR, CHAPTER 7 TRUSTEE AND PHYLLIS A. HOLLIS, IN OPPOSITION TO THE MOTION FOR STAY PENDING APPEAL PERTAINING TO APPEAL OF BANKRUPTCY COURT DECISION RENDERED SEPTEMBER 17, 2009 RESOLVING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

| | |
|---|---|
| **STERNS & WEINROTH**<br>**A Professional Corporation**<br>50 West State Street, Suite 1400<br>P.O. Box 1298<br>Trenton, New Jersey 08607-1298<br>(609) 392-2100<br>*Counsel to Thomas J. Orr, Chapter 7 Trustee* | **LEGAL SERVICES OF NEW JERSEY**<br>**Melville D. Miller, Jr., President**<br>By: Margaret Lambe Jurow<br>100 Metroplex Drive, Suite 402<br>Edison, NJ 08818<br>732-572-9100<br>*Attorney for Phyllis Hollis, Debtor* |

Of Counsel:
    Andrea Dobin (AD-7984)
On the Brief:
    Graig P. Corveleyn (GC-3393)

{00234476;v1}

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................ 1

I.  THE DEFENDANTS CANNOT DEMONSTRATE THE FACTORS REQUIRED FOR A
    STAY PENDING APPEAL. ................................................................................................... 1

    A.  Probability of Success on the Merits ................................................................................. 2

    B.  Irreparable Injury to Movant if Stay Is Not Granted ......................................................... 3

    C.  Injury to Plaintiff if Stay Is Granted .................................................................................. 4

    D.  Public Policy Argues In Favor of Denial of Stay .............................................................. 5

CONCLUSION ................................................................................................................................ 6

## PRELIMINARY STATEMENT

The within motion is brought in connection with an appeal of this Court's decision on the cross-motions for summary judgment, which was rendered on September 17, 2009. The Defendants have not yet established a right to appeal the resolution of those motions; the motion for leave to pursue an interlocutory appeal remains pending in the District Court. Instead, the Defendants are proceeding *as if* they have obtained the right to appeal the Bankruptcy Court's determination -- an assumed outcome that is far from assured. The Defendants have not yet even conceded that there is this initial hurdle to the relief requested in this Motion. This Motion must be denied as premature. In the absence of a pending appeal, the Defendants are not entitled to a stay.

Assuming *arguendo* that the Court determines that it is appropriate to consider the Motion on the merits, Plaintiffs believe that the Court must deny the Motion as the Defendants have failed to carry their burden.

## I.  THE DEFENDANTS CANNOT DEMONSTRATE THE FACTORS REQUIRED FOR A STAY PENDING APPEAL.

The Court must carefully review the Defendants' attempt to fulfill the requirements for a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8005. A party seeking a stay pending appeal must prove, by **clear and satisfactory evidence**, that (a) it is likely to prevail on the merits of its appeal; (b) it will suffer irreparable injury absent a stay; (c) a stay will not cause substantial harm to other interested parties; and (d) a stay will not harm the public interest. (emphasis added) *See* Republic of the Philippines v. Westinghouse Electric Corp., 949 F.2d 653 (3d Cir. 1991). All four elements must be proven for the Motion to succeed.

### A. Probability of Success on the Merits.

Although none of the above factors is determinative, courts rarely exercise their discretion in favor of a moving party who has failed to demonstrate a likelihood of success on the merits or irreparable harm. With respect to the former, a movant must demonstrate that it has "a substantial issue to raise on appeal." In re Countrywide Home Loans, Inc., 387 B.R. 467, 480 (Bankr. W.D. Pa. 2008).

The proof of "likelihood of success on the merits" requires an analysis of several factors, not the least of which is the strength of the case the movant will be able to present on appeal. In re Countrywide Home Loans, Inc., 387 B.R. 467, 471-472 (Bankr. W.D. Pa. 2008). Courts have focused on "whether the movant seeks to raise issues on appeal that are substantial, serious, and doubtful so as to make them fair ground for litigation." Id. at 472. See In re Lickman, 301 B.R. 739, 743 (Bankr. M.D. Fla. 2003). To fulfill this analysis, this Court must take a careful review of the issues to be presented by the Defendants on appeal, applying the appropriate standard of review.

The Defendants have not presented evidence of their likelihood of success on the merits of the case, rather they have pointed out that certain cases cited by the Court have opposing viewpoints, but not that those opposing viewpoint are more or less likely to ultimately result in the reversal of the Court's decision. The Plaintiffs recognize the persuasiveness of the holding in the case cited by the Defendants in their brief, i.e., In re Genesis Health Ventures, Inc., 367 B.R. 516, 521 (D.Del. 2007) in which the District Court considered a substantial difference of opinion concerning a novel issue to meet this prong of the test. However, it should be noted that in that opinion the District Court noted that there was no binding precedent on the issue presented, not that there were differences of opinion in published decisions. Id. Here, the Bankruptcy Court

has identified the relevant binding precedent, i.e., Watters v. Wachovia Bank, N.A., 550 U.S. 1 (2007) and applied the holding therein (not, as the Defendants' brief suggests, the dissent which was quoted merely to facilitate an understanding of the holding). Thus, although the Genesis decision suggests that a variety of opinions on a subject may substitute for a genuine finding of a probability of success on the merits, such is not the case here. The Defendants simply disagree with the manner in which the Bankruptcy Court applied the Supreme Court decision in Watters to the facts *sub judice*. If this were the standard for establishing a probability of success on the merits, it would be so watered down so as to be meaningless. The Defendants have done little more than point out their disagreements with the Bankruptcy Court's opinion. That is not a substitute for establishing a probability of success on the merits. The motion must fail on this ground alone.

### B.    Irreparable Injury to Movant if Stay Is Not Granted.

In addition to failing to meet the requirement of proving a likelihood of success on the merits, the Defendants cannot demonstrate that they will suffer irreparable harm absent a stay. "[Courts] have [held] that the requisite feared injury of harm must be irreparable – not merely serious or substantial. The word means that which cannot be repaired, retrieved, put down again, atoned for… Grass that is cut down cannot be made to grow again but the injury can be adequately atoned for in money. The result of the cases fixes this to be the rule: the injury must be of a peculiar nature, so that compensation in money cannot atone for it…" See Glasco v. Hills, 558 F.2d 179 (3rd Cir. 1977) citing Gause v. Perkins, 3 Jones Eq. 177, 69 Am.Dec. 728 (1857). "Irreparable injury is suffered where monetary damages are difficult to ascertain or are inadequate." Danielson v. Local 275 Laborers Union, 479 F.2d 1033, 1037 (2nd Cir. 1973).

3

The sole irreparable harm that is alleged will befall the Defendants if the litigation is allowed to go forward is that they may be required to disclosure certain documents and produce certain individuals for depositions if the Court finds favorably for the Plaintiffs on the Plaintiffs' motion to compel discovery. The hearing on that motion is scheduled to take place on the same date as this Motion. The Defendants' argument reads as though they are appealing the yet-to-be-entered order compelling responses to discovery. It is simply improper to cite the prospect of the entry of a separate order as a basis for harm.

It merits mention that had the Defendants answered the discovery in accordance with the applicable rules, the alleged "irreparable harm" would not exist at all as the discovery would have been provided months ago. Instead, having lost a Motion for a Confidentiality Order, the Defendants simply delayed long enough to provide themselves with a contrived harm at this appellate stage.

Finally, it has long been recognized that mere litigation expense, even if substantial and unrecoupable, does not constitute irreparable injury for the purposes set forth herein. In re Countrywide Home Loans, Inc., 387 B.R. at 474. *See also, e.g.,* Renegotiation Bd. v. Bannercraft Clothing Co., Inc., 415 U.S. 1, 24, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974). Defendants have not demonstrated harm at all, let alone clear and satisfactory evidence of irreparable harm. The Defendants' motion must fail due to this significant deficiency.

### C. Injury to Plaintiff if Stay Is Granted.

This litigation has been pending for nearly two years, yet discovery is not yet even completed. The initial pretrial order required discovery to conclude on June 15, 2008. We are now more than one year past that date and we are still not done with discovery. If it proved nothing, the summary judgment motions proved that this case is destined to go to trial. Every

{00234476;v1}                              4

delay that is countenanced by this Court prolongs this process, to the detriment of the Estate, its creditors and the Debtor. A stay (solely designed to protect otherwise unprotectable discovery) harms all parties to the underlying bankruptcy proceeding.

### D.  Public Policy Argues In Favor of Denial of Stay.

The Defendants' argument on this issue is quite telling. The Court undoubtably recognizes that the Defendants and similarly situated lenders are under attack for predatory lending practices throughout the country. These Defendants are attempting *through any means possible, including those that subject it to sanction*[1], to prevent these cases from proceeding through discovery or at all. Tellingly, the Defendants allege that a stay "may also prevent erroneous adjudications in other cases and head off unnecessary appeals in other cases." Such a curious statement opens the door to question the Defendants' motives in bringing this Motion, yet comes without further discussion. Query what "erroneous adjudications" and "unnecessary appeals" are in the offing such that the Defendants believe that the avoidance of such activity rises to the level of public interest, as required by prevailing case law? It would appear that a stay pending appeal serves the Defendants' very private interest. Of that there is no doubt. Unfortunately, that is not the standard that applies here. The public interest is not served by a stay of this litigation which is designed solely to provide comfort to the Defendants.

The public has a right to see that this case is brought to conclusion in the most expeditious manner possible so that the bankruptcy proceeding can terminate as well consistent with 11 U.S.C. §704. There is no counter-vailing public interest here.

---

[1] The Plaintiffs refer the Court to the Order entered on September 14, 2009 awarding sanctions to the Trustee pertaining to violations of Fed.R.Bankr.P. 9011 by Defendants' counsel

**CONCLUSION**

For all the foregoing reasons, the Plaintiffs request that the Court deny the Defendants' Motion.

                                        Respectfully submitted,

                                        **STERNS & WEINROTH**
                                        **A Professional Corporation**
                                        Attorneys for Thomas Orr,
                                        Chapter 7 Trustee

Dated: October 13, 2009            By:    /s/ Andrea Dobin
                                                        Andrea Dobin
                                                          Graig P. Corveleyn

                                        **LEGAL SERVICES OF NEW JERSEY**
                                        **Melville D. Miller, Jr., President**
                                        Attorneys for Phyllis Hollis, debtor, Plaintiff

Dated:  October 13, 2009          By:    /s/ Margaret Lambe Jurow
                                                        Margaret Lambe Jurow